UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LENA MARIE LINDBERG,**

**Plaintiff,**

**v.**                                                    Case No.  **6:21-cv-1417-RBD-GJK**

**KEVIN OAKS,** Police Officer, in official
capacity; **JOE PINSKER,** Police Officer, in
official capacity; **JAMES ADAMS,** Detective,
in official capacity; **RALPH GARCIA,**
Commander, in official capacity; **SHADRICK
CARTER,** Sergeant, in official capacity;
**WILL NEWMAN,** Police Officer, in official
capacity; **LISA GERMAN,** Victims Advocate,
in official capacity; **JERROD GERWIG,** Police
Officer, in official capacity; and **JOHN
BARBERI,** Sergeant, in official capacity,

**Defendants.**
_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the

following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS/AFFIDAVIT OF INDIGENCY BY PETITIONER/APPELLANT (Doc. No. 2)** |
| **FILED:** | **August 27, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and that the complaint be DISMISSED WITHOUT PREJUDICE**.

On August 27, 2021, pro se plaintiff Lena Marie Lindberg filed a complaint against various defendants. Doc. No. 1 at 2-3. Also on August 27, 2021, Plaintiff filed an application to proceed *in forma pauperis* (the "Motion"). Doc. No. 2.

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> > (i)  is frivolous or malicious;

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

2

(ii) fails to state a claim on which relief
     may be granted; or

(iii) seeks monetary relief against a
      defendant who is immune from
      such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Under Local Rule 6.03(a), "The clerk must docket, assign, and submit to a judge for preliminary review a motion for leave to proceed *in forma pauperis*." The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

The Complaint is an unintelligible mixture of handwritten and typed statements. Doc. No. 1. Rather than stating which defendants did what actions, Plaintiff writes numbers beside a rambling litany of accusations and passing references to a variety of legal theories in no order. *Id.* at 5. She states, among other things, that she was a target of gang violence and received death threats. *Id.* Plaintiff states general allegations of lying on reports and causing illegal arrests

and being jailed for retaliation, but does not specify who did these actions, or when or how they occurred. *Id.* She asks the Court to, among other things, "help [her] participate in an unobstructed court process[,]" "receive proper FBI investigation[,]" and return property to her "that the police have illegally separated [her] from to have intentionally interfered with litigation previously filed against them for pattern violations of Title 18 USC § 1962 racketeering . . . ." *Id.* at 6.

The Complaint violates Federal Rule of Civil Procedure 8, as it does not contain a short and plain statement that establishes a right to relief. As the Complaint fails to comply with Federal Rule of Civil Procedure 8 by not stating a claim on which relief may be granted, it is recommended that the Motion be denied and that the Complaint be dismissed without prejudice.

The Motion also is illegible. Doc. No. 2. For example, Plaintiff circles that she has stocks/bonds, but the value listed is indecipherable. *Id.* at 1.

Ordinarily, a pro se party should be given an opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiff must clearly allege the

4

factual and legal bases of her causes of action (whether a constitutional provision, treaty, statute, or common law).

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS** the complaint without prejudice; and

3. Grant Plaintiff leave to file an amended complaint within a time established by the Court along with an amended motion to proceed *in forma pauperis*, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice. In the amended complaint, Plaintiff should include:

   a. the basis upon which the Court has subject matter jurisdiction;

   b. a list of the people that Plaintiff is suing in this action;

   c. what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by defendants;

   d. a short plain statement of facts as to each claim and the defendants' involvement in the violation alleged in each claim;

   e. how Plaintiff has been damaged or injured by the defendants' actions or omissions;

    f.  a clear statement of the relief sought; and

    g.  Plaintiff must not incorporate nor reference the original complaint or include argument in the amended complaint.

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 31, 2021.

GREGORY J. KELLY<br>
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party

6